UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| LUIS ROQUE, Individually and On Behalf of All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | No. _____ |
| v. | § § | |
| 24/7 WELDING SERVICES, INC., | § § § | |
| Defendant. | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Luis Roque (referred to as "Plaintiff" or "Roque") bringing this collective action and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid overtime wages from Defendant 24/7 Welding Services, Inc. (referred to as "Defendant" or "24/7 Welding").  In support thereof, he would respectfully show the Court as follows:

### I.  Nature of Suit

1. Plaintiff's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers … ."  29 U.S.C. § 202(a).  To achieve its humanitarian

goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

3. 24/7 Welding violated the FLSA by employing Plaintiff and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

4. 24/7 Welding violated the FLSA by failing to maintain accurate time and pay records for Plaintiff and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5. Plaintiff brings this collective action under 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees to recover unpaid overtime wages.

## II.  Jurisdiction & Venue

6. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7. Venue is proper in this district and division pursuant to 28 U.S.C. §§ 1391(b)(1)-(2) because 24/7 Welding resides in the Midland Division of the Western District of Texas and/or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Midland Division of the Western District of Texas.

### III.  Parties

8. Luis Roque is an individual who resides in Ector County, Texas and who was employed by 24/7 Welding during the last three years.

9. 24/7 Welding Services, Inc. is a Texas corporation that may be served with process by serving its registered agent: William Johnson, at 4602 Debbie Cove, Midland, Texas 79706.  Alternatively, if the registered agent of 24/7 Welding Services, Inc. cannot with reasonable diligence be found at the company's registered office, 24/7 Welding Services, Inc. may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

10. Whenever it is alleged that 24/7 Welding committed any act or omission, it is meant that company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of 24/7 Welding or was done in the routine and normal course and scope of employment of the company's officers, directors, vice-principals, agents, servants or employees.

### IV.  Facts

11. 24/7 Welding is a welding services company for the oil and gas industry; it does business in the territorial jurisdiction of this Court.

12. 24/7 Welding employed Plaintiff as a welder from approximately April 2016 to March 2018.

13. Though 24/7 Welding misclassified Plaintiff as an independent contractor, 24/7 Welding acted as Plaintiff's employer.

14. Plaintiff's duties did not differ substantially from the duties of traditionally nonexempt hourly workers.

15. During Plaintiff's employment with 24/7 Welding, he was engaged in commerce or the production of goods for commerce.

16. During Plaintiff's employment with 24/7 Welding, the company had employees engaged in commerce or in the production of goods for commerce.

17. During Plaintiff's employment with 24/7 Welding, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

18. During Plaintiff's employment with 24/7 Welding, the company had an annual gross volume of sales made or business done of at least $500,000.

19. 24/7 Welding paid Plaintiff on an hourly basis.

20. During Plaintiff's employment with 24/7 Welding, he regularly worked in excess of forty hours per week.

21. 24/7 Welding knew or reasonably should have known that Plaintiff worked in excess of forty hours per week.

22. 24/7 Welding did not pay Plaintiff overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

23. Instead, 24/7 Welding paid Plaintiff at his normal hourly rate for all the hours he worked.

24. In other words, 24/7 Welding paid Plaintiff for his overtime at a rate less than one and one-half times the regular rate at which he was employed in violation of the FLSA.

25. 24/7 Welding knew or reasonably should have known that Plaintiff was not exempt from the overtime provisions of the FLSA.

26. 24/7 Welding failed to maintain accurate time and pay records for Plaintiff as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

27. 24/7 Welding knew or showed a reckless disregard for whether its pay practices violated the FLSA.

28. 24/7 Welding is liable to Plaintiff for his unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

29. All welders employed by 24/7 Welding are similarly situated to Plaintiff because they (1) have similar job duties; (2) regularly work in excess of forty hours per week; (3) are not paid overtime for the hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from 24/7 Welding pursuant to 29 U.S.C. § 216(b).

### V.  Count One—Failure To Pay Overtime in Violation of 29 U.S.C. § 207(a)

30. Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

31. During Plaintiff's employment with 24/7 Welding, he was a nonexempt employee.

32. As a nonexempt employee, 24/7 Welding was legally obligated to pay Plaintiff "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours that he worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

33. 24/7 Welding did not pay Plaintiff overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

34. Instead, 24/7 Welding pays welders, including Plaintiff, at their normal hourly rate for all the hours they worked.

35. In other words, 24/7 Welding paid Plaintiff and the other welders for their overtime at a rate less than one and one-half times the regular rate at which they were employed in violation of the FLSA.

36. If 24/7 Welding classified Plaintiff as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

37. 24/7 Welding knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA. In other words, 24/7 WELDING willfully violated the overtime requirements of the FLSA.

### VI. Count Two—Failure To Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

38. Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

39. The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

40. In addition to the pay violations of the FLSA described above, 24/7 Welding also failed to keep proper time and pay records as required by the FLSA.

### VII. Count Three—Collective Action Allegations

41. Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

42. On information and belief, other employees have been victimized by 24/7 Welding's violations of the FLSA identified above.

43. These employees are similarly situated to Plaintiff because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

44. 24/7 Welding's policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

45. Since, on information and belief, Plaintiff's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

46. All employees of 24/7 Welding, regardless of their rates of pay, who were paid at a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> All welders employed by 24/7 Welding during the last three years that were improperly paid straight time for overtime.

47. 24/7 Welding is liable to Plaintiff and the other welders for the difference between what it actually paid them and what it was legally obligated to pay them.

48. Because 24/7 Welding knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Plaintiff and the other welders their unpaid overtime wages for at least the last three years.

49. 24/7 Welding is liable to Plaintiff and the other welders in an amount equal to their unpaid overtime wages as liquidated damages.

50. 24/7 Welding is liable to Plaintiff and the other welders for their reasonable attorneys' fees and costs.

51. Plaintiff has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VIII. Prayer

52. Plaintiff prays for the following relief:

   a. an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

   b. judgment awarding Plaintiff and the other welders all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

   c. prejudgment interest at the applicable rate;

   d. postjudgment interest at the applicable rate;

   e. incentive awards for any class representative(s); and

   f. all such other and further relief to which Plaintiff and the other welders may show themselves to be justly entitled.

        Respectfully submitted,

MOORE & ASSOCIATES

By: *Melissa Moore* (signature)
Melissa Moore
State Bar No. 24013189
Curt Hesse
State Bar No. 24065414
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**

Of Counsel:

Bridget Davidson
State Bar No. 24096858
MOORE & ASSOCIATES
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739